**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEAN FATAL, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>HEALTHCARE FINANCE DIRECT, LLC,<br><br>      Defendant. | Case No. |

**CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL,**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff Jean Fatal ("Plaintiff" or "Mr. Fatal"), individually and on behalf of all others similarly situated, alleges the following on information and belief against Defendant Healthcare Finance Direct, LLC ("Healthcare Finance" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an artificial or prerecorded voice to the cellular and landline telephones of consumers nationwide without their prior express written consent and (2) obtain redress for all persons injured by its conduct.

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

2. This Court has personal jurisdiction over Defendant because the wrongful conduct giving rise to this case occurred in and was directed to this District.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

4. Plaintiff Jean Fatal is, and at all times mentioned herein was, a resident of Far Rockaway, New York, and a citizen of the State of New York.

5. Defendant Healthcare Finance Direct, LLC is a limited liability company organized under the laws of California, with a principal place of business at 1707 Eye St # 300 Bakersfield, California, 93301. Healthcare Finance conducts business in this District and throughout the United States.

6. Defendant and/or its agents made prerecorded phone calls to Plaintiff and Class Members, *en masse*, without their prior express consent.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Defendant and/or its agents call consumers using an artificial or prerecorded voice, requesting that Plaintiff and members of the putative class pay a debt on a loan.

8. Plaintiff neither owes a debt nor has conducted business with Healthcare Finance.

9. Regardless of whether a recipient immediately hangs up or stays on the line long enough to speak with a live agent, the first thing every Class Member hears when they answer their telephone is an artificial and/or prerecorded voice. Thus, Defendant violates the TCPA every call it makes to class members using soundboard technology.

10. Healthcare Finance called Plaintiff on his cellular telephone from the number (832) 536-4717 on numerous occasions, including but not limited to the following 2 calls:

| Date | Calling Number |
|---|---|
| 10/26/2020 | (661) 616-4400 |
| 11/13/2020 | (661) 616-4400 |

11. The phone number (661) 616-4400, is listed on Defendant's website as their office number.[1]

12. Defendant placed each of these calls using an artificial or prerecorded voice without Mr. Fatal's consent.

13. When Plaintiff answered Defendant's calls, he heard a robotic-sounding recording played which purported to be a representative from "Healthcare Finance Direct" with an "important message from your account."

14. Plaintiff was at home when he received several of these calls. His ringer was turned on.

15. Prior to the calls at issue in this action, Mr. Fatal had not had any contact with Defendant. He has never consented in writing, or otherwise, to receive calls using an artificial or prerecorded voice from Defendant.

16. Mr. Fatal is not alone. Defendant's page on Yelp and shouldianswer.com contains several complaints from other consumers who received the same robocalls:

- "health care telemarketer, I had to blocked the number (Telemarketer). This a marketing health phone call, they were calling me constantly, I blocked the number."
- "Continuous nonstop calls throughout the week"
- "Spammer do not answer."[2]

17. Defendant knowingly made (and continue to make) calls using an artificial or prerecorded voice to Plaintiff and other consumers without the prior express written consent of

---

[1] *See* https://www.healthcarefinancedirect.com/
[2] *See* https://www.yelp.com/biz/healthcare-finance-direct-bakersfield; https://www.shouldianswer.com/phone-number/6616164400

3

the call recipients. In so doing, Defendant not only invades the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of:

> All persons within the United States who (a) received a prerecorded telephone call on his or her landline or cellular telephone; (b) made by or on behalf of Defendant; (c) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

19. Plaintiff represents, and is a member of, these proposed Classes. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

20. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes, based on the scale of Defendant's business, that the Classes are so numerous that individual joinder would be impracticable.

21. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Classed have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

22. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

23. The proposed Classes can be identified easily through records maintained by Defendant and third parties.

24. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to Plaintiff and class members using an artificial or prerecorded voice without their prior express consent;

   b. Whether Defendant's conduct was knowing and/or willful;

   c. Whether Defendant is liable for damages, and the amount of such damages; and

   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

25. **Typicality.** Plaintiff asserts claims that are typical of each member of the Classes because they are all persons who received calls on their telephones using an artificial or prerecorded voice without their prior express written consent. Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

26. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed Classes.

27. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

28. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

29. Classwide relief is essential to compel Defendant to comply with the TCPA.

30. The interest of the members of the proposed Classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

31. Defendant has acted on grounds generally applicable to the proposed Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate.

32. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *et seq.*

33. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

35. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Classes are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

37. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

38. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

39. The foregoing acts of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

40. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Classes are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and members of the proposed Classes are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

42. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Classes the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Classes $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Classes;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Classes, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the Classes;

f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: January 8, 2021                              Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  */s/ Yitzchak Kopel*
      Yitzchak Kopel

Yitzchak Kopel
Alec M. Leslie
888 7th Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: ykopel@bursor.com
           aleslie@bursor.com

*Attorneys for Plaintiff*

8